IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**RUSSELL BERGER**                                                                                          **PLAINTIFF**
**ADC #115855**

v.                                      No: 5:17-cv-00250 BRW-PSH

**JAMES GIBSON,** *et al.*                                                                           **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Russell Berger filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, the American with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.,* as amended ("ADA"), and the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("RA"), while incarcerated at the Arkansas Department of Correction's Varner Unit (Doc. No. 2). Berger was granted leave to proceed *in forma pauperis* and ordered to file an Amended Complaint identifying claims relating to only one issue, containing a short statement of the specific role each defendant had in the alleged constitutional violations, and describing the injuries sustained by Berger (Doc. No. 3). Berger

filed an Amended Complaint on October 6, 2017 (Doc. No. 4). Berger sues defendants in both their individual and official capacities and seeks both monetary and injunctive relief. *See* Doc. No. 4 at 2; Doc. No. 2 at 11. For the reasons stated herein, Berger's claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

### *Claims Relating to One Issue*

Because Berger's initial complaint described numerous unrelated claims, he was ordered to file an amended complaint identifying claims relating to one issue. Berger narrowed his claims

2

in his Amended Complaint but still raises the following unrelated issues: (1) the inadequacy of his accommodations based on his tall stature (*see* Doc. No. 4, ¶¶ 16-23, 27-29); and (2) the ADC's failure to provide him with an adequate diabetic diet (*see id.* at ¶¶ 24-26). Because these claims are factually unrelated to one another, they may not be prosecuted in a single action against multiple defendants. *See* Fed. R. Civ. P. 20(a)(2). Additionally, Berger should not be allowed to defeat the filing fee requirements by joining multiple causes of action in one suit. Accordingly, the Court examines the viability of Berger's primary complaint regarding his accommodations and recommends dismissing Berger's diabetic diet claim against Defendants Swopes, Clark, and John Doe (warden). If Berger wishes to pursue his diabetic diet claim, he must file a separate lawsuit.

### *Eighth Amendment Conditions of Confinement Claim*

Berger alleges he is 6 foot 8 inches tall and an insulin dependent diabetic with arthritis, degenerative bone disease, and neuropathy. He also alleges he previously had back surgery. He claims that the mattresses, beds, and bedding in his cell are too short for him. He claims that he suffers pain when his feet hit the concrete slab at the end of his bed, and that he cannot sleep because he is too cold as his bedding does not adequately cover him. He also complains that the thermal underwear provided to him is too small and he cannot wear it. Berger further states that due to his height and vision problems, he cannot see televisions (TVs) that were mounted outside his cell. To do so, he has to stoop, causing him pain.

The treatment a prisoner receives in prison and the conditions of his confinement are subject to scrutiny under the Eighth Amendment. *Farmer v. Brennan,* 511 U.S. 825, 832 (1970). To prevail on a conditions of confinement claim, a prisoner must show (1) the alleged deprivation was, "objectively, sufficiently serious," and resulted "in the denial of the minimal civilized measure of life's necessities," and (2) prison officials were deliberately indifferent to "an excessive

risk to inmate health or safety." *Farmer,* 511 at 834. In other words, a plaintiff must prove the existence of objectively harsh conditions of confinement, together with a subjectively culpable state of mind by prison officials in condoning or creating the conditions. *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993); *Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004). "[D]iscomfort compelled by conditions of confinement, without more, does not violate the amendment." *Smith v. Coughlin*, 748 F.2d 783, 787 (2nd Cir. 1984) (quoting *Jackson v. Meachum*, 699 F.2d 578, 581 (1st Cir. 1983)).

Berger has not alleged facts sufficient to support a claim that he has been subjected to objectively harsh conditions of confinement. He has not alleged that he was denied life's necessities such as food, shelter, and water or that he has suffered the unnecessary or wanton infliction of pain. Rather, the facts alleged by Berger show that he has been uncomfortable in his bed, occasionally cold, and unable to watch TV. Berger states he has trouble sleeping, but he does not describe any further details such as how much sleep he has lost. He also does not allege that the temperature in his cell was particularly cold or provide any further allegations to support his contention that he was cold. The Eighth Amendment guarantees prisoners the right to adequate shelter and protection from *extreme* cold, and courts examine allegations of the severity of the cold and the length of time a prisoner is exposed to it. *Dixon v. Godinez,* 114 F.3d 640, 642 (7th Cir. 1997).[1] Construing Berger's complaint liberally, as the Court must, Berger fails to assert sufficient

---

[1] For examples of cases involving exposure to extreme cold, see *Corselli v. Coughlin*, 842 F.2d 23, 27 (2d Cir. 1988) (plaintiff alleged he was exposed to cold temperatures for approximately three months and it was so cold that ice was forming in his toilet); *Dixon v. Godinez*, 114 F.3d at 644 (plaintiff testified "that ice persistently formed on the walls of the cells suggest[ed] that temperatures in the cell block were literally freezing, during the day as well as at night, and that this condition continued unchanged for several winters"); *Bennett v. Chitwood*, 519 Fed. Appx. 569, 574 (11th Cir. 2013) (no objectively serious deprivation was demonstrated where the "case [was] not one in which ice formed inside the cell"); *Diggs v. Godinez*, 1997 WL 308847, at *6 (N.D. Ill. June 3, 1997) (plaintiff asserted "that ice often formed on the inside of [the plaintiff's] own cell, and that [the plaintiff] lacked extra blankets or a space heater" for one year); *Dillingham v. Schofield*, 2011 WL 3664470, at *8 (E.D. Tenn.

facts to support his claim that he was subjected to unconstitutional conditions of confinement because his blanket is too small for him or because he could not fit into the thermal underwear provided. Additionally, his claim that he cannot watch TV without pain is insufficient to state a constitutional claim. "Inmates have no constitutional right to watch television or listen to a radio." *Russell v. Helder*, No. 5:15-CV-05082, 2016 WL 4014106, at *6 (W.D. Ark. June 28, 2016), *report and recommendation adopted,* No. 5:15-CV-5082, 2016 WL 4007698 (W.D. Ark. July 26, 2016) (citing cases). Berger's Eighth Amendment claims should be dismissed for failure to state a claim upon which relief may be granted.

### *ADA and RA Claims*

Berger also sues defendants under the ADA and RA for both monetary and injunctive relief. The ADA "prohibits a somewhat broader swath of conduct than the Constitution itself forbids." *United States v. Georgia*, 546 U.S. 151, 160 (2006). The Court screens Berger's ADA and RA claims together because the two laws are "'similar in substance' and, with the exception of the Rehabilitation Act's federal funding requirement, 'cases interpreting either are applicable and interchangeable' for analytical purposes." *Bahl v. Cty. of Ramsey*, 695 F.3d 778, 783 (8th Cir. 2012) (quoting *Randolph v. Rodgers,* 170 F.3d 850, 858 (8th Cir. 1999)).[2]

---

Aug. 19, 2011) (plaintiff alleged that the temperature outdoors was below zero and that ice formed in the cell for a period of three days, which caused the skin on the plaintiff's fingers to crack and bleed).

[2] Section 504 of the RA prohibits discrimination on the basis of handicap in programs receiving federal financial assistance. 29 U.S.C. § 794(a). It provides in relevant part, that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). To establish a prima facie case of disability discrimination under Section 504, a plaintiff must prove that: (1) he is a qualified individual with a disability; (2) he was denied the benefits of a program or activity of a public entity receiving federal funds; and (3) he was discriminated against on the basis of his disability. *M.P. v. Independent School District No. 721,* 326 F.3d 975, 981–82 (8th Cir. 2003) (citing *Timothy H. v. Cedar Rapids Cmty. Sch. Dist.,* 178 F.3d 968, 971 (8th Cir. 1999)).

At the outset, the Court recommends dismissal of Berger's claims against defendants in their individual capacities. There is no individual liability under the ADA or the RA. *See Dinkins v. Corr. Med. Servs.*, 743 F.3d 633, 634 (8th Cir. 2014); *Alsbrook v. City of Maumelle,* 184 F.3d 999, 1005 n. 8 (8th Cir. 1999). Compensatory damages may be available under both the ADA and RA if Berger is able to prove discriminatory intent.[3] *See Meagley v. City of Little Rock*, 639 F.3d 384 (8th Cir. 2011). To prove discriminatory intent, the plaintiff must show that the defendants were deliberately indifferent to the plaintiff's rights under the ADA. *Id.* at 389. Claims for prospective injunctive relief against state officials sued in their official capacities are permitted under the ADA and RA. *See Randolph v. Rodgers,* 253 F.3d 342, 348 (8th Cir. 2001).

Berger does not specify what provisions of the ADA the defendants have allegedly violated; however, prisons and correctional facilities are covered by Title II.[4] *See United States v. Georgia*, 546 U.S. 151, 154 (2006); *Pennsylvania Dept. of Corrections v. Yeskey,* 524 U.S. 206, 210 (1998) ("State prisons fall squarely within the statutory definition of 'public entity,' which includes 'any department, agency, special purpose district, or other instrumentality of a State or States or local government.'") (citing 42 U.S.C. § 12131(1)(B)). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to

---

[3] Claims for money damages under the ADA may be subject to an Eleventh Amendment defense. To decide whether a state agency or its employees in their official capacities can be held liable for damages under Title II of the ADA, or whether they are immune from suit under the Eleventh Amendment, the court must determine "(1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid." *United States v. Georgia*, 546 U.S. at 159.

[4] The ADA is divided into three titles: Title I applies to discrimination in employment, 42 U.S.C. §§ 12111-12117; Title II applies to discrimination in public services, 42 U.S.C. §§ 12131-12165; and Title III applies to discrimination in public accommodations, 42 U.S.C. § 12181-12189.

discrimination by any such entity." 42 U.S.C. § 12132. A failure to accommodate claim under Title II is based on "the failure to reasonably accommodate the disabled individual's limitations." *Peebles v. Potter*, 354 F.3d 761, 767 (8th Cir. 2004). The regulation requiring public entities to provide accommodations to persons with disability states:

> A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.

28 C.F.R. § 35.130(b)(7). Pursuant to this regulation, accommodation is only required when "necessary to avoid discrimination on the basis of disability," and that any accommodation must be a reasonable. *See Sak v. City of Aurelia, Iowa*, 832 F. Supp. 2d 1026, 1040 (N.D. Iowa 2011).

To state a claim under Title II of the ADA, Berger must be a "qualified individual with a disability." Berger claims his unusually tall stature is a disability. The ADA defines "disability" as "(A) a physical . . . impairment that substantially limits one or more major life activities . . . (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1)(A)–(C). The ADA does not define physical impairment, but the EEOC, exercising its statutory authority to issue regulations implementing the ADA, *see id.* § 12205a, has defined the term to mean "[a]ny *physiological disorder or condition,* cosmetic disfigurement, or anatomical loss *affecting one or more body systems,* such as neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, immune, circulatory, hemic, lymphatic, skin, and endocrine," 29 C.F.R. § 1630.2(h)(1) (emphasis added). The EEOC has advised that:

> It is important to distinguish between conditions that are impairments and physical, psychological, environmental, cultural, and economic characteristics that are not impairments. The definition of the term "impairment" does not include physical characteristics such as eye color, hair color, left-handedness, or *height,* weight, or

7

muscle tone that are within "normal" range and are not the result of a physiological disorder.

29 C.F.R. § Pt. 1630, App. (emphasis added).

Berger's Complaint alleges that his height is not normal. However, he does not allege that his height is the result of a physiological disorder, which is required to constitute a physical impairment. *See Morriss v. BNSF Ry. Co.*, 817 F.3d 1104, 1111 (8th Cir. 2016) ("Under both the ADA and the EEOC regulations and interpretive guidance, a 'physical impairment' must be the result of an underlying physiological disorder or condition."). Additionally, Berger does not allege that his height substantially limits one or more major life activities. Rather, he alleges that the length of his bed and his blankets make it uncomfortable for him to sleep and that he has difficulty seeing the TV. For these reasons, Berger has not adequately alleged that he is disabled under the ADA or RA, and his ADA and RA claims should be dismissed for failure to state a claim for relief.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Berger's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation and accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 16th day of November, 2017.

_____
UNITED STATES MAGISTRATE JUDGE